DANIEL SHANNON v. REBECCA SHANNON ET AL.

*Claims against decedents.*

A man cannot maintain a bill in equity against his brother's estate, after the estate has been closed by distribution, to recover the share for which his brother would have been liable, had he lived, upon a mutual contract to support their mother. It is not a case for specific performance and there is no authority to decree payments from distributees in favor of a creditor at large.

Where a decedent's debts are not secured on property, they must be enforced under the probate laws.

Appeal from St. Joseph. Submitted April 12. Decided April 19.

BILL to enforce payment from an estate under a contract with decedent. Dismissal affirmed.

*O. P. Coffinberry* for complainant appellant.

*O. J. Fast* and *Chas. Upson* for defendants. Estates are not settled in chancery but in probate proceedings : *Holbrook v. Campau* 22 Mich. 288 ; *Green v. Probate Judge* 40 Mich. 244 ; *Shelden v. Walbridge* 44 Mich. 251 ; *Dickinson v. Seaver* id. 624 ; *Pitcher v. Douglas* 37 Mich. 341 ; *Buchoz v. Pray* id. 512 : 36 Mich. 429 ; *Kellogg v. Aldrich* 39 Mich. 576 ; and if the claimant neglects the statutory

method he has no remedy at law or in equity: *Winegar v. Newland* 44 Mich. 367; *Clark v. Davis* 32 Mich. 154; nor can a court of equity create a lien on land to secure a personal debt: *Bennett v. Nichols* 12 Mich. 22; *Griswold v. Fuller* 33 Mich. 268.

CAMPBELL, J. Complainant filed his bill against defendants, who are widow and heirs of his deceased brother, Wesley Shannon, whose estate has been closed by distribution, claiming that he has a ground of relief arising out of a contract made with decedent in 1872, that they should mutually support their mother, Christina Shannon. The bill sets up the allowance of an account in favor of complainant for such support by commissioners of the estate up to the time of its presentation, and his present application is for relief touching what has accrued since, and what may hereafter accrue.

Without going at large into the allegations of the bill, which was demurred to for want of equity, we have not been able to discover any foundation for such a suit. The case is not one for specific performance, and there is no authority to decree payment from distributees by a creditor at large. Debts which are not secured on property must be enforced under the probate laws. We need not consider what remedy may exist in that form in the present condition of affairs. It is very certain that the present suit is anomalous and not maintainable.

The decree dismissing the bill must be affirmed with costs.

The other Justices concurred.